# 18-439 IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| DANIELE DePAOLIS, | |
| Plaintiff, | Case No. 7:18CV00439 |
| v. | **OPINION** |
| RED ONION STATE PRISON, ET AL., | By: James P. Jones<br>United States District Judge |
| Defendants. | |

*Daniele DePaolis, Pro Se Plaintiff.*

Daniele DePaolis, a Virginia jail inmate proceeding pro se, filed a pleading stating his desire to bring a "Preliminary Injunction/Temporary Restraining Order against Red Onion State Prison ["Red Onion"] and its Medical Department." Compl. 1, ECF No. 1. He states that in the past, officials at Red Onion have failed to provide him with adequate medical care, causing him now to fear for his life. He also complains that he is being denied all of his legal work in an apparent attempt to block his right to access the courts. Based on the nature of these allegations and the fact that DePaolis had no pending case, the court construed and docketed DePaolis's submission as both a Complaint as under 42 U.S.C. § 1983 and a motion seeking interlocutory relief. I conclude, however, that both must be summarily dismissed.

DePaolis has no legal basis for § 1983 claims against Red Onion. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983," and this rule also applies "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Similarly, Red Onion's medical department, as a group, cannot qualify as a "person" so as to be subject to suit under § 1983. *Id.*

Even if DePaolis could amend to name individual officials at Red Onion as defendants, I cannot provide the requested injunctive relief — the only form of relief he seeks. The inmate locator search program online and the return address on DePaolis's envelope indicate that he is currently incarcerated, not at Red Onion, but at Sussex I State Prison ("Sussex I"). Sussex I is located within the jurisdiction of the United States District Court for the Eastern District of Virginia. Thus, any civil action DePaolis wished to file about his missing legal materials and current medical needs there should be filed in that court.

Moreover, Red Onion officials have no control over the medical care or the property restrictions that affect DePaolis while he is at Sussex I. Therefore, I cannot order Red Onion officials to provide the assistance that he requests at his current location, and accordingly, I will dismiss his motion for such relief as moot.

For the stated reasons, I will summarily dismiss this action as legally frivolous under 42 U.S.C. § 1997e(c)(1) and dismiss the pending motion as moot.

A separate Final Order will be entered herewith.

>DATED: September 7, 2018
>
>/s/ James P. Jones
>United States District Judge